DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WARD L. KENYON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1856

[March 11, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Nicole P. Menz, Judge; L.T. Case No. 312018CF000135A.

Daniel Eisinger, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for appellee.

### *ON MOTION FOR REHEARING AND CERTIFICATION OF QUESTION OF GREAT PUBLIC IMPORTANCE*

GROSS, J.

We deny appellant's motion for rehearing and certification of question of great public importance, but we write to explain our affirmance of appellant's habitual felony offender sentence for altering a firearm serial number.

One of appellant's challenges to his sentence, which was preserved in his Florida Rule of Criminal Procedure 3.800(b) motion below, was that his habitual felony offender sentence was unconstitutional because the court—rather than the jury—made the necessary habitualization findings.

In *Erlinger v. United States*, 602 U.S. 821, 838 (2024), the United States Supreme Court held that a jury, rather than a judge, must determine

whether a defendant's past offenses were committed on separate occasions for purposes of imposing mandatory prison terms. Under the prior conviction exception, the Supreme Court explained, a sentencing judge "may do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." *Id.* (cleaned up). In other words, *Erlinger* makes clear that the prior conviction exception is limited to determining the identity of the crime and its elements—no more is allowed. *Id.* at 839.

Assuming that error occurred under *Erlinger* when the sentencing court, rather than the jury, made the necessary factual findings to impose a habitual felony offender sentence, we conclude that any error was harmless beyond a reasonable doubt because no rational jury would have found the qualifying facts differently than the sentencing court.[1] *See Jackson v. State*, 410 So. 3d 4, 10 (Fla. 4th DCA 2025) ("While the trial court, post-*Erlinger*, should have convened a jury to designate appellant as an HFO, this was harmless error as the evidence conclusively established that appellant qualified as an HFO."); *Avalos v. State*, 419 So. 3d 299, 300 (Fla. 6th DCA 2025) ("From our review, the record demonstrates beyond a reasonable doubt that a rational jury would have found the requisite facts for imposing a habitual felony offender designation and that, therefore, any error is harmless."); *Ashford v. State*, 407 So. 3d 537, 537 (Fla. 5th DCA 2025) (declining to reach the merits of appellant's "arguments as to *Erlinger*'s impact, if any, upon existing Florida Statutes and caselaw" because "even if, *arguendo*, any error occurred here, such an error would be harmless") (footnote omitted).

KUNTZ, C.J., and SHEPHERD, J., concur.

---

[1] Because we find any error harmless, we decline to stay the issuance of our mandate pending the Florida Supreme Court's review of *Maye v. State*, 368 So. 3d 531, 532 (Fla. 6th DCA 2023), *rev. granted* No. SC2023-1184 (Apr. 25, 2024).